FILED by EG D.C.
ELECTRONIC
Nov 10 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO. 04-61312-CIV-MARRA

WARRINGTON MARINE, INC.,

Plaintiff,

v.

DAVID J. FRANKEL, DAVID RICHARD, RICHARD AMARI, DON LONG, EDDIE LEBRON, MATTHEW JACOBSON and TROY CORNEA.

Defendants,
_______________________________/

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, WARRINGTON MARINE, INC., as owner of the *M/Y Melia*, ("Melia"), sues Defendants, DAVID J. FRANKEL, DAVID RICHARD, RICHARD AMARI, DON LONG, EDDIE LEBRON, MATTHEW JACOBSON and TROY CORNEA and alleges:

1. This is an action in admiralty for a declaratory judgment pursuant to the Declaratory Judgment Act 28 U.S.C. § 2201 et seq.

2. This court has jurisdiction pursuant to 28 U.S.C. § 2201, United States Constitution Art. III, § 2, 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

3. Venue is proper under 28 U.S.C. § 1391(b).

4. A true case or controversy has arisen between Plaintiff and Defendants regarding Defendants' claims for salvage awards regarding the salvage of *Melia*. Plaintiff is in

doubt as to its rights, immunities and obligations under the Admiralty and Maritime law of salvage regarding Defendants' claims.

## FACTS GIVING RISE TO THE CLAIM

5. Plaintiff, WARRINGTON MARINE, INC., is the registered owner of the *M/Y Melia*, a 1991 100' Freeport motor yacht, Hull I.D./Documentation Number 967523.
6. On or about April 29, 2004, in daylight and during fair weather, *Melia* grounded at or near the outer reefs seaward of the north end of Man-O-War Cay, The Bahamas.
7. The Master of *Melia* broadcast a request for assistance over VHF channel 16.
8. The Bahamas Air Sea Rescue Association ("BASRA") responded to the request for assistance and temporarily removed the vessel's crew.
9. *Melia* spontaneously passed over the outer reef and began to drift towards the inner reef without anyone on board.
10. Bahamian citizens Ralph Albury and Lucas Albury responded to the vessel's request for assistance. Ralph Albury communicated with representatives of WARRINGTON MARINE via satellite telephone and was authorized to do whatever was necessary to secure the vessel from drifting and eliminate the peril. With the later assistance of another Bahamian, Troy Cornea, Ralph and Lucas Albury successfully deployed the vessel's anchors which held in the coral bottom causing the vessel to stop drifting. This action resulted in the vessel's condition being stabilized and the elimination of any peril to the vessel. *Melia's* crew was returned to the vessel shortly thereafter by BASRA.
11. Thereafter, DAVID RICHARD, RICHARD AMARI, DON LONG, EDDIE LEBRON and MATTHEW JACOBSON, (collectively, "THE RICHARD GROUP"), arrived on the scene in a small 32' fiberglass pleasure boat called "*Double Header*," powered by twin

outboard motors. One or more members of THE RICHARD GROUP boarded *Melia* and unilaterally began issuing "orders" to those already aboard. In an apparent effort to generate a salvage claim, members of THE RICHARD GROUP connected a small line from *Melia* to the *Double Header*.

12. DAVID FRANKEL, ("FRANKEL"), claims to have contributed to the salvage efforts by being aboard a tender at the scene and fending off while Bahamian Troy Cornea boarded the *Melia*. *See* Exhibit "A," Notice of Claim of Lien.
13. Thereafter, Bahamian Colvin "Iceman" Albury (unrelated to Ralph and Lucas Albury) arrived on the scene and assisted in coordinating towage and temporary repairs to the vessel.
14. Ralph Albury, Lucas Albury and Colvin "Iceman" Albury have already been compensated for their services and their claims have been resolved.

**<u>COUNT I: DECLARATORY RELIEF AS TO CLAIM FOR SALVAGE AWARD OF DAVID J. FRANKEL</u>**

15. Paragraphs 1 through 14 above are realleged as if fully set forth herein.
16. DAVID J. FRANKEL has made a claim of salvage, served a Notice of Claim of Lien against Plaintiff WARRINGTON MARINE, INC. as owner of *Melia* and filed the Lien against the title to *Melia*. *See* Exhibit "A," Notice of Claim of Lien.
17. Plaintiff contends that FRANKEL is not entitled to a salvage award.
18. There is a bona fide, actual, present practical need for the declaration to resolve the dispute over FRANKEL'S right to a salvage award and the amount of such award, if any. Unless the court grants the declaratory relief sought, Plaintiff's rights, immunities and

obligations under the Admiralty and Maritime law of salvage regarding the grounding and salvage of *Melia* remain uncertain and in doubt.

19. The relief sought is not merely the giving of legal advice or the answer to questions propounded from curiosity.

WHEREFORE, Plaintiff, WARRINGTON MARINE, INC. demands judgment declaring its rights and obligations under the Admiralty and Maritime law of salvage, declaring that Defendant FRANKEL is not entitled to a salvage award, ordering that the Lien filed against *Melia's* title be removed and declared void, and for such other and further relief as the Court deems just and proper.

**COUNT II: DECLARATORY RELIEF AS TO CLAIM FOR SALVAGE AWARD OF THE RICHARD GROUP**

20. Paragraphs 1 through 14 above are realleged as if fully set forth herein.

21. On May 4, 2004, THE RICHARD GROUP also made a claim of salvage against Plaintiff WARRINGTON MARINE, INC. as owner of *Melia* by and through attorney Patricia K. Olney.

22. Plaintiff contends that THE RICHARD GROUP is not entitled to a salvage award.

23. There is a bona fide, actual, present practical need for the declaration to resolve the dispute over THE RICHARD GROUP'S right to a salvage award and the amount of such award, if any. Unless the court grants the declaratory relief sought, Plaintiff's rights, immunities and obligations under the Admiralty and Maritime law of salvage regarding the grounding and salvage of *Melia* remain uncertain and in doubt.

24. The relief sought is not merely the giving of legal advice or the answer to questions propounded from curiosity.

WHEREFORE, Plaintiff, WARRINGTON MARINE, INC. demands judgment declaring its rights and obligations under the Admiralty and Maritime law of salvage, declaring that Defendants the RICHARD GROUP are not entitled to a salvage award, and such other and further relief as the Court deems just and proper.

**COUNT III: DECLARATORY RELIEF AS TO CLAIM FOR SALVAGE AWARD OF TROY CORNEA**

25. Paragraphs 1 through 14 above are realleged as if fully set forth herein.
26. TROY CORNEA has also made a claim of salvage against Plaintiff WARRINGTON MARINE, INC. as owner of *Melia* by and through attorney Patricia K. Olney.
27. Plaintiff contends that TROY CORNEA is not entitled to a salvage award; alternatively, Plaintiff contends that TROY CORNEA'S salvage award should be minimal in nature.
28. There is a bona fide, actual, present practical need for the declaration to resolve the dispute over TROY CORNEA'S right to a salvage award and the amount of such award, if any. Unless the court grants the declaratory relief sought, Plaintiff's rights, immunities and obligations under the Admiralty and Maritime law of salvage regarding the grounding and salvage of *Melia* remain uncertain and in doubt.
29. The relief sought is not merely the giving of legal advice or the answer to questions propounded from curiosity.

WHEREFORE, Plaintiff, WARRINGTON MARINE, INC. demands judgment declaring its rights and obligations under the Admiralty and Maritime law of salvage, declaring that

Defendant TROY CORNEA is not entitled to a salvage award, and such other and further relief as the Court deems just and proper.

Dated this **9th** day of November, 2004.

RESPECTFULLY SUBMITTED,

McALPIN & BRAIS, P.A.
80 SW 8th Street, Suite 2805
Attorneys for Plaintiff
Miami, Florida 33130
Telephone: 305-810-5400
Facsimile: 305-810-5401

By: ______________________

RICHARD J. McALPIN
Florida Bar No.: 438420
rmcalpin@mcalpinbrais.com